IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KEVIN RAY PEARCY                                                              PLAINTIFF

v.                                       Civil No.:  6:09-cv-6108

SGT.  R.J. DUNN *et al.*                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Robert H. Gautreaux, proceeding *pro se*, filed this case on behalf of Kevin Pearcy (Plaintiff) under 42 U.S.C. § 1983. Pearcy is an inmate of the Varner Supermax Unit of the Arkansas Department of Correction in Grady, Arkansas. (Doc. 1). Now before the Court is the Motion to Dismiss filed by Plaintiff herein, Kevin Pearcy. (Doc. 13).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Motion to Dismiss (doc. 13) be GRANTED in part and DENIED in part.

**I.     BACKGROUND**

On October 28, 2009, Robert Gautreaux, Jr., filed a Complaint on behalf of himself and fellow inmates Anthony Ray Parks and Kevin Ray Pearcy. (Doc. 1 in case no. 6:09-cv-6106). This Court then directed the Clerk of Court to open separate actions on behalf of Parks and Pearcy, as the Prison Litigation Reform Act requires each prisoner who brings a civil action to submit a separate complaint and a separate application to proceed *in forma pauperis*. *See e.g., Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001).

Mr. Gautreaux's complaint was provisionally filed to open the above-styled case (Doc. 2 in case no. 6:09-cv-6108), and a blank *in forma pauperis* application was sent to Plaintiff Pearcy. Pearcy returned the Motion to Proceed *in forma pauperis* (Doc. 3) and was granted *in forma pauperis* status. (Doc. 5). Additionally, service was ordered upon the named Defendants. (Doc. 5). Plaintiff Pearcy comes now in his

Motion to Dismiss and states he does not wish to continue the lawsuit as styled above, but does wish to continue a separate action he initiated in case no. 9:09-cv-6082.

## II.    APPLICABLE LAW

Federal Rule of Civil Procedure 41(a)(2) provides that an action may be dismissed at the plaintiff's request on terms that the Court considers proper. A Plaintiff may also dismiss without a court order if a notice of dismissal is filed before the opposing party serves and answer or motion for summary judgment, FED. R. CIV. PROC. 41(a)(1)(A)(I), or by a stipulation of dismissal signed by all parties who have appeared. FED. R. CIV. PROC. 41 (a)(1)(A)(ii). The Defendants in this case have been served and have answered the Complaint. The Defendants did not join in the Motion for Dismissal, but have filed no response opposing the Motion.

## III.    DISCUSSION

Plaintiff moves to dismiss this action, stating he had no reason to sue the named Defendants in this matter, with the exception of Defendant Mel Steed who is also named in Plaintiff's case numbered 6:09-cv-6082, pending in the Western District of Arkansas. Plaintiff requests the above-styled case be dismissed, without implicating the ability of case 6:09-cv-6082 to continue. Plaintiff also states no money should be taken from his prisoner account for the above-styled case.

The Court recommends that Plaintiff's Motion to Dismiss (Doc. 13) be granted and the Complaint dismissed without prejudice. However, the Court recommends the filing fee be deducted from Plaintiff's inmate account as previously ordered. (*See* Doc. 6). When the Court opened the above-styled case in Plaintiff's name, he was given a copy of the Complaint and an application to proceed *in forma pauperis*. (*See* Doc. 2). Plaintiff was advised that if he did not return the form, the case would be dismissed. *Id*. However, Plaintiff chose to return the form, in effect adopting the Complaint which was entered. (Doc. 3) Accordingly, service was issued on Plaintiff's behalf. (Doc. 5). Plaintiff had the ability and resources to review the Complaint and decide whether or not to pursue this action. Because he decided to so pursue the above-styled case, he remains

liable for the filing fee, despite his Motion to Dismiss.

The Prison Litigation Reform Act (PLRA) makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal. *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997). Thus, when an application to proceed *in forma pauperis* is filed in such a case, "the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

## IV. CONCLUSION

Accordingly, I RECOMMEND the Motion to Dismiss (Doc. 13) be GRANTED in part and DENIED in part. I recommend the requested dismissal of the case be granted, and I recommend the requested relief from deductions from Plaintiff's inmate account for the filing fee be denied.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of June, 2010.

/s/ Barry A. Bryant
BARRY A. BRYANT
U.S. MAGISTRATE JUDGE